UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAVARIO S. PITTS,

    Petitioner,

v.                                Case No: 2:15-cv-400-FtM-29MRM

SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,

    Respondents.[1]

**ORDER OF DISMISSAL**

This matter comes before the Court upon an amended petition for habeas corpus relief filed through counsel pursuant to 28 U.S.C. § 2254 by Savario S. Pitts ("Petitioner"), a prisoner of the Florida Department of Corrections (Doc. 8, filed November 9, 2015). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered by the Twentieth Judicial Circuit Court in Charlotte County, Florida for robbery with a deadly weapon, carjacking with a weapon, and dealing in stolen property. Id. at 1.

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Respondent asserts that this Court must dismiss the amended petition because it was not timely filed (Doc. 11, filed March 11, 2016). Petitioner has filed a reply in which he asserts that Respondent has miscalculated the AEDPA filing deadline, and that the petition is indeed timely (Doc. 16). The petition is ripe for review.

Petitioner raises three claims in his petition (Doc. 1). However, the Court cannot reach the merits of these claims because, as explained below, the pleadings, exhibits, and attachments before the Court establish that the petition must be dismissed as untimely.

I. **Background and Procedural History[2]**

On July 13, 2004, a jury found Petitioner guilty of robbery with a deadly weapon (count one); carjacking with a weapon (count two); and dealing in stolen property (count three) (Ex. 2 at 3). Petitioner was sentenced to thirty years in prison. Id. On March 8, 2006, Plaintiff's convictions and sentences were affirmed by Florida's Second District Court of Appeal (Ex. 1); Pitts v. State, 923 So. 2d 1173 (Fla. 2d DCA 2006).

On April 13, 2007, Petitioner filed a state petition for writ of habeas corpus in which he alleged ineffective assistance of

---

[2] Unless otherwise indicated, citations to exhibits are to those filed by Respondent on March 11, 2016 (Doc. 12).

appellate counsel (Ex. 2). The state habeas petition was dismissed on October 31, 2007 (Ex. 4).

On October 12, 2007, Petitioner filed a pro se motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. 3). The post-conviction court denied the Rule 3.850 motion on November 26, 2012 (Doc. 1-1 at 2-11). Florida's Second District Court of Appeal affirmed on January 3, 2014. Mandate issued on April 9, 2014 (Ex. 5).

On June 6, 2014, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. 6). The state trial court denied the motion on September 4, 2014 (Ex. 7). Petitioner appealed, the denial, and the appeal was still pending when Petitioner filed his federal habeas petition.

Petitioner filed his first habeas petition in this Court on July 1, 2015 (Doc. 1). Petitioner filed an amended petition on November 9, 2015 (Doc. 8).

## II. Analysis

### a. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a

state court judgment. This limitation period runs from the latest of:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitation is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### b. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Florida's Second District Court of Appeal affirmed Petitioner's convictions and sentences on March 8, 2006 (Ex. 1). His judgment became final ninety days later—when Petitioner's time

to seek review in the United States Supreme Court expired. See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002) (recognizing that a petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts). Accordingly, Petitioner's judgment became final on June 6, 2006.[3] Petitioner then had through June 6, 2007 to file his federal habeas petition. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one-year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner's original federal habeas petition was filed on July 1, 2015 (Doc. 1). Therefore, it was filed 2974 days late unless tolling principles apply to render it timely.

### c. **Petitioner's habeas corpus petition is not subject to statutory tolling**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

---

[3] Petitioner does not disagree that his convictions were affirmed by Florida's Second District Court of Appeal on March 8, 2006 (Doc. 16 at 2). Rather, he urges that his conviction became final 121 days later, on July 7, 2006. Id. at 3. Petitioner provides no authority for this assertion, which is incorrect. See Bond, 309 F.3d at 774.

any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On April 13, 2007, Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (Ex. 2). This tolled Petitioner's AEDPA statute of limitation after 311 days had run. The petition was dismissed on October 31, 2007 (Ex. 4), but by that time, another tolling motion had been filed and was still pending, so the dismissal of Petitioner's state habeas petition did not start the AEDPA clock.

On October 12, 2007, while his AEDPA limitations period was stilled tolled by his state habeas petition, Petitioner filed his Rule 3.850 motion (Ex. 3). The Rule 3.850 motion remained pending until the state appellate court issued its mandate on April 9, 2014 (Ex. 5). Petitioner then had 54 days, or until June 2, 2014, to file his federal habeas petition or another tolling motion in state court.

Petitioner did not file another post-conviction motion in state court until June 6, 2014, when he filed a motion to correct an illegal sentence (Ex. 6). However, this motion could not toll the AEDPA statute of limitation because the limitation period expired on June 2, 2014. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like [Petitioner's] that is filed following the expiration of the limitations period

cannot toll that period because there is no period remaining to be tolled.").

Petitioner did not file his federal habeas petition until July 1, 2015. Accordingly, the petition is 394 days late.

**d. Petitioner is not entitled to equitable tolling**

The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id. The United States Supreme Court has stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)).

Petitioner has not provided any reason for this Court to consider equitable tolling. Rather, it appears that he, or his attorney, merely miscalculated the date on which his conviction

became final.  A miscalculation of a filing date does not warrant equitable tolling.  See Hutchinson v. Florida, 677 F.3d 1097 (11th Cir. 2012) (no equitable tolling when attorney miscalculated date on which state judgment became final and Petitioner missed his federal habeas filing date as a result).  Accordingly, his habeas petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability[4]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or

---

[4] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.  As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The amended petition for writ of habeas corpus filed by Savario S. Pitts is **DISMISSED WITH PREJUDICE** as time-barred.

3. Petitioner is **DENIED** a certificate of appealability.

4. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __30th__ day of May, 2017.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record